## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| CHRISTOPHER WHITEHILL, Individually and on behalf of himself and all those similarly situated | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No: 1:22-cv-01118-WJM-KLM |
| v. | )<br>) |
| ATLANTIC BUILDING SYSTEMS, LLC d/b/a ARMSTRONG STEEL CORPORATION; | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

### PLAINTIFFS' MOTION TO RE-OPEN PROCEEDINGS

On March 17, 2023, the Court issued its Order Granting in Part Defendant's Motion to Compel Arbitration and Stay Proceedings, requiring Plaintiffs to pursue arbitration if they intended to continue seeking relief for their claims against Armstrong Steel. (Doc. 45). Since that time, Plaintiffs have filed two motions with this Court seeking to resolve disputes between the parties about how these arbitrations are to be conducted. On February 24, 2023, Plaintiffs filed a Motion to Reconsider (Doc. 47) regarding a discrete portion of the Court's ruling – capping arbitration fees - in light of intervening case law from a Colorado state court finding that Armstrong Steel's agreement was unconscionable as written and capping claimant's arbitration fees at $500. Then, on March 31, 2023, Plaintiffs filed a Motion to Appoint Arbitrators. (Doc. 53). Based on Defendant's arguments that this case has been administratively closed, Plaintiffs respectfully move this Court to re-open the case to decide these issues so that the parties can begin the arbitration process.

Counsel for Plaintiffs have met and conferred with counsel for Defendant on May 3, 2023 via email. Counsel for Defendant did not respond to this email and as such, Plaintiffs are proceeding as though Armstrong Steel will oppose the relief requested herein.

## STANDARD OF REVIEW

A case that is administratively closed can be reopened if there is good cause to do so. D.C.COLO.LCivR 41.2. In its Order Granting in Part Defendant's Motion to Compel Arbitration (Doc. 45), the Court stayed the proceedings "pending the conclusion of Plaintiffs' arbitrations in Arapahoe County. . ." and administratively closed the case. *Id* at 15. Since there are two issues that require clarification from the Court before the parties can proceed with their arbitrations, however, good cause exists to re-open this case.

## ARGUMENT

The Court should grant Plaintiffs' Motion to Administratively Re-Open the case because the parties need clarity and finality about how to operate going forward following the Court's Order Granting in Part Motion to Compel Arbitration and Stay Proceedings. As set forth in Plaintiffs' Motion to Reconsider, there has been intervening law regarding Armstrong Steel's unlawful and improper arbitration provision that warrants the Court's attention. (*See* Doc. 47). There has also been significant delay since the parties have been unable to agree and finalize a list of arbitrators that will oversee these arbitrations. (*See* Doc. 53). These circumstances constitute good cause for the Court to administratively re-open this dispute and issue opinions on these discrete issues so that the parties may proceed with arbitration as directed by the Court.

## CONCLUSION

WHEREFORE, for all these reasons, Plaintiffs respectfully request that the Court administratively re-open the case for the limited purpose of deciding Plaintiffs' Motion for Reconsideration (Doc. 47) and Motion to Appoint Arbitrators. (Doc. 53).

Dated: May 5, 2023                                           Respectfully submitted,

|  | |
|---|---|
|  | MCINNES LAW LLC<br>By: /s/ *Jack McInnes*<br>Jack D. McInnes (MO #56904)<br>1900 West 75th Street, Suite 220<br>Prairie Village, Kansas 66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 347-7333<br>jack@mcinnes-law.com<br><br>A. Scott Waddell (MO #53900)<br>WADDELL LAW FIRM LLC<br>1900 West 75th Street, Suite 220<br>Prairie Village, Kansas 66208<br>Telephone: (816) 399-5510<br>Facsimile: (913) 347-7333<br>scott@aswlawfirm.com<br><br>ATTORNEYS FOR PLAINTIFFS |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2023, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system and served to opposing counsel via the Court's filing system.

                                               */s/ Jack McInnes*
                                               Jack D. McInnes