IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-1118-WJM-KLM

CHRISTOPHER WHITEHILL,
KIM HERB,
ERIC HERB,
LAURIE JACOBS,
DAVID JACOBS,
JARED MARTINEZ,
SHELLY RICHARDSON,
LOUIS RICHARDSON,
MICHAEL GILLIS,
LILY FAIRCHILD,
DEBORAH HARRY,
JOEL HARRY,
ROBERT BALDAUFF,
SHELLEY BALDAUFF,
MICHAEL J. KEY,
LIZ TORRES,
ADAM MACKE,
SCHUYLER JOSEPH VREEMAN,
BRANDON ANDERSON,
JESSICA ANDERSON,
CHARLES GIBSON,
GARY VINOVICH,
DAN MERCER,
ROGER S. APPLEWHITE,
HEDIEH POURNIK,
KURT WITHERS,
LINETE APARICIO-CHAGOLLA, and
ADAM CHENY, individually and on behalf of themselves and all those similarly situated,

     Plaintiffs,

v.

ATLANTIC BUILDING SYSTEMS, LLC, d/b/a ARMSTRONG STEEL CORPORATION,

     Defendant.

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs' Motion for Reconsideration ("Motion") (ECF No. 47), which asks the Court to reconsider its February 10, 2023, Order ("Prior Order") (ECF No. 45) granting in part and denying in part Defendant's Motion to Compel Arbitration and Stay Proceedings (ECF No. 18). Familiarity with the Prior Order is presumed, including abbreviations employed therein.

District courts have broad discretion to reconsider their interlocutory rulings before entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Laird v. Stilwill*, 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

Plaintiffs' sole basis for the relief they request is an order from the Arapahoe County District Court ("Arapahoe Order") that analyzed the same provisions as the Prior

Order.  (ECF No. 47 at 4–5.)  While this Court enforced the provision of the Arbitration Clause requiring "the party initiating arbitration to 'advance all costs thereof,'" in the Arapahoe Order, the court modified the provision (as it applied to the purchaser of Defendant's Metal Building System) to limit such costs to $500.  (ECF No. 45 at 4–5; ECF No. 47-1 at 6.)

Plaintiffs assert that because the Court must apply Colorado law in this diversity action, and the Arapahoe Order was issued before the Prior Order, the Arapahoe Order is "legal authority that [is] directly on point."  (ECF No. 47 at 3.)  As such, the Arapahoe Order is "powerfully persuasive Colorado authority." (*Id.* at 5.)  Plaintiffs, at times, imply both that the Arapahoe Order is pre-existing, controlling precedent the Court failed to apply (*id.* at 3) and that it is "new . . . legal authority" (*id.* at 4.)

The Court is not convinced by Plaintiffs' attempts to rehash their old arguments under the cloak of "new" legal authority.  The Court already considered and rejected Plaintiffs' argument that the provision in question prevents them from effectively vindicating their statutory rights.  (ECF No. 45 at 7–11.)  Effective vindication is precisely the grounds upon which the Arapahoe Order is based.  (ECF No. 47-1 at 4–6.)  Furthermore, the Arapahoe Order is not binding on this Court.  *Fransen v. Conoco, Inc.*, 64 F.3d 1481, 1492 n.10 (10th Cir. 1995) (noting that federal courts sitting in diversity "are not bound by decisions of lower state courts"); *see Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967); *King v. Order of United Com. Travelers*, 333 U.S. 153, 160–61 (1948).  Nor is the Arapahoe Order "new"—not only does the Arapahoe Order pre-date the Court's Prior Order, Plaintiffs fail to explain why they did not inform the Court of a previously issued order potentially impacting their rights.

For these reasons, Plaintiffs' Motion for Reconsideration (ECF No. 47) is DENIED.

Dated this 7th day of July, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge